CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 04, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TROY D. CLAIBORNE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00384 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHADWICK S. DOTSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Troy D. Claiborne, Pro Se Plaintiff; Joanna Ragon, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants Chadwick S. Dotson and David E. Anderson, and Jeremy B. O'Quinn, O'Quinn Law Office, PLLC, Wise Virginia, for defendant Thomas A. Meyers.*

The plaintiff, an inmate in state custody proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, asserting that correctional officers used excessive force against him in violation of his constitutional rights.  This case is currently before me on the joint Motion to Dismiss by three supervisory defendants who are sued "in their official capacity," Compl. 1, Dkt. No. 1, as well as two motions seeking a default judgment by the plaintiff.  The motions are ripe for review, and upon careful consideration, I conclude that the Motion to Dismiss must be granted as to the defendants in question and the motions for default judgment must be denied without prejudice.

## I. BACKGROUND.

This case arises from events that occurred at the Red Onion State Prison in Pound, Virginia, where Claiborne is incarcerated.  Claiborne makes the following factual allegations in his Complaint, which I must accept as true for the present purposes.

On or about June 21, 2024, Officer J. Eldridge, a correctional officer at Red Onion, was conducting a routine check when he discovered Claiborne unconscious inside his locked cell.  Eldridge then radioed Sergeant B.L. Taylor.  After observing Claiborne unconscious in his cell, Taylor called for assistance.  In response, Lieutenants Joshua R. Massingill and B.M. Begley went to Claiborne's cell.

Upon arriving there, Massingill briefly knocked on Claiborne's cell door before opening the door's meal slot and discharging a pepper spray canister. Although Claiborne remained unconscious, the officers allegedly did not make any calls for emergency medical aid.  Eventually, an electric shock shield was brought to Claiborne's cell.  The officers then entered Claiborne's cell and threw the electric shock shield on top of Claiborne's body.  Then, after shackling Claiborne's ankles and cuffing his hands behind his back, the officers dragged Claiborne from his top bunk and out of his cell to an upper tier walkway.

While Claiborne lay on the walkway, at least two of the officers allegedly began to strike Claiborne on his face while he remained unconscious and restrained.

The officers allegedly continued to strike Claiborne until a nurse at Red Onion protested. The nurse then attempted to wake Claiborne by performing a sternum rub. After the sternum rub proved unsuccessful, the nurse and the officers shook Claiborne's body and cried out to him. Claiborne then regained consciousness.

Immediately upon regaining consciousness, Claiborne felt that his skin was burning and experienced facial pain. He also struggled to breathe. Claiborne asked the officers why his face was hurting, and Massingill allegedly responded, "Because I sprayed you!" Compl. 8, Dkt. No. 1. Claiborne then asked why Massingill had sprayed him. In response, Massingill allegedly stated that he sprayed Claiborne because he did not initially respond. In the days that followed, Claiborne suffered extreme headaches and pain on the right side of his head where the officers had allegedly struck him.

Claiborne has sued Eldridge, Taylor, Massingill, and Begley asserting excessive force and assault and battery claims. As relevant to the present Motion to Dismiss, he has sued Chadwick S. Dotson, the former Director of the Virginia Department of Corrections (VDOC),[1] Thomas A. Meyers, the Western Regional Administrator for VDOC, and David E. Anderson, the Warden at Red Onion.

---

[1] Claiborne named Dotson as a defendant in the Complaint. On January 17, 2026, Joseph W. Walters succeeded Dotson as VDOC Director. While normally a defendant sued in their official capacity is automatically substituted, Fed. R. Civ. P. 25(d), for reasons stated in this opinion, substitution would be futile.

Claiborne sues Dotson, Meyers, and Anderson in their official capacities, asserting deliberate indifference claims. He sues Dotson and Meyers for failure to train the officers and Anderson for failure to punish the officers. He also brings a state law negligence claim against Dotson. Claiborne seeks compensatory and punitive damages as well as injunctive and declaratory relief.[2]

On December 22, 2025, Claiborne moved for entry of default as to Begley, and the Clerk entered default the next day. Claiborne has since filed two motions for default judgment against Begley, who, while served, has not entered an appearance in person or by counsel. Begley did not file a response to the motions for default judgment, and they are ripe for review.

II. DISCUSSION.

A. The Standard of Review.

"A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint." *Mays ex rel. Estate of Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).[3]  In

---

[2]  In terms of injunctive relief, Claiborne seeks a preliminary and permanent injunction requiring his transfer out of the VDOC's Western Region. But he has not filed a separate motion for a preliminary injunction. Accordingly, I will not address Claiborne's requested preliminary injunction. *See J.J. Crewe & Son, Inc. Profit Sharing Plan v. Talbot*, No. ELH-11-2871, 2012 WL 1994778, at *1 n.1 (D. Md. June 1, 2012) (declining to consider a preliminary injunction request where, as here, the plaintiffs "did not file a separate motion for a preliminary injunction" nor "submitted any evidence or argument to demonstrate their satisfaction of the standards for preliminary injunctive relief."). Moreover, he has not stated sufficient grounds for such an injunction.

[3]  I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion and Order, unless otherwise noted.

considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Liberal construction, however, does not allow me to formulate constitutional or state-law claims for Claiborne based on conclusory statements alone. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B. Claiborne's Claims Against the Moving Defendants.

Claiborne brings claims under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Adkins*, 487 U.S. 42, 48 (1988).  Claiborne asserts that the defendants violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.

To the extent Claiborne sues the moving defendants in their official capacities, his claims against these defendants implicate the Eleventh Amendment.  "The Eleventh Amendment and the broader principles of federalism it reflects generally prevent private parties from suing a State [in federal court] without its consent." *King v. Youngkin*, 122 F.4th 539, 543 (4th Cir. 2024).  The immunity afforded by the Eleventh Amendment "extends to arms of the State, including state agencies and state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); Experimental Holdings, *Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007) ("The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117–21 (1984)).

Claiborne does not plausibly allege that the immunity afforded by the Eleventh Amendment has been abrogated or waived by the Commonwealth.  "While Congress may abrogate a State' Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." *In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993).  Likewise, the Virginia Tort Claims Act only "waive[s] sovereign

immunity for tort claims filed in state courts" and "does not waive the state's eleventh amendment immunity" in federal court. *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987).

Although the Eleventh Amendment "does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law" by a state official, *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)), Claiborne has not satisfied the requirements for this exception. "To successfully bring a claim against a state official in their official capacity for a violation of the Constitution, plaintiffs must 'allege an ongoing violation of federal law and seek relief properly characterized as prospective.'" *Talley v. Folwell*, 133 F.4th 289, 298 (4th Cir. 2025) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). For a violation to be considered "ongoing, the officials being sued must be 'in violation of federal law at the precise moment when the case was filed.'" *Id.* (quoting *Republic of Paraguay v. Allen*, 134 F.3d 622, 628 (4th Cir. 1998)).

Claiborne sues Dotson and Meyers for failing to train the officers who allegedly assaulted him on June 21, 2024, and asserts a related state law negligence claim against Dotson. As these claims are based solely on events that allegedly occurred pre-filing, they do not imply any ongoing violations of federal law. Claiborne sues Anderson for failing to discipline the officers after they allegedly

assaulted him.  But "[t]he alleged failure to take action after an alleged constitutional violation does not cause or contribute to such violation or otherwise provide a basis for liability."  *Carter v. Collins*, No. 7:22-cv-00025, 2023 WL 3871718, at \*2 (W.D. Va. June 7, 2023) (citing *Schofield v. Magrey*, No. 3:12-cv-00544, 2015 WL 521418, at \*11 (D. Conn. Feb. 9, 2015)).  Moreover, Claiborne's Complaint does not describe any additional constitutional injury after June 21, 2024.

Mindful that Claiborne is proceeding pro se, I assume that he could have meant to sue the moving defendants in their individual capacities.  Regardless, he has not stated plausible individual capacity claims against the moving defendants. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676. Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  To state a claim of supervisory liability under § 1983, a plaintiff must allege facts sufficient to show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[;] and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wall v. Clarke*, No. 7:19-cv-00260, 2021 WL 5444754, at \*4 (W.D. Va. Nov. 22, 2021) (quoting *Straw ex rel. Estate of Bowen v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

To satisfy the first element, a plaintiff must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Wilkins ex rel. Estate of Davis v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). As to the second element, "a plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." *Shaw*, 13 F.3d at 799.

Claiborne's Complaint is devoid of allegations that would support these elements. He does not plausibly allege that the moving defendants had actual or constructive knowledge that the other defendants were engaging in conduct that posed a pervasive risk of constitutional injury, or that the moving defendants continuously failed to act in the face of "documented widespread abuses." *Wilkins*, 751 F.3d at 226. Nor does Claiborne plead any facts showing a causal connection between the moving defendants' alleged inaction and Claiborne's constitutional injury. To the extent Claiborne sues Dotson and Meyers for failing to train the

officers who allegedly assaulted him, he has not identified any specific deficiency in training, as is required. *See Burke v. Punturi*, No. 3:23-cv-00055, 2024 WL 3706607, at *4 (W.D. Va. Aug. 7, 2024) (noting that a plaintiff "must point out a specific deficiency in training, rather than general laxness or ineffectiveness in training"). At bottom, Claiborne's "conclusory assertions against [the moving defendants] do not state a cognizable claim of supervisory liability under § 1983." *Carter v. Ely*, No. 7:20-cv-00713, 2022 WL 801585, at *4 (W.D. Va. Mar. 15, 2022).

Claiborne has also failed to plausibly state a negligence claim against Dotson. "The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citing *Locke v. Johns-Manville Corp.*, 275 S.E.2d 900, 904 (1981)). But Claiborne does not plainly identify what duty Dotson owed him or present facts showing that this duty was breached, proximately causing Claiborne's injuries.

For these reasons, I conclude that Claiborne's claims against the moving defendants must be dismissed.

C.  Default Judgment.

Claiborne has filed motions for default judgment against Begley.  Mots. for Default J., Dkt. Nos. 39, 41.  Claiborne requests entry of default judgment as to Begley for $100,000 in compensatory damages and $50,000 in punitive damages.

A plaintiff moving for default judgment must, among other things, prove damages by a preponderance of the evidence.  *See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967).  But Claiborne has offered no proof of damages attributable to Begley or any of the defendants.  Thus, even assuming that his claims against Begley are cognizable, he has failed to show entitlement to default judgment at this juncture.  For these reasons, I will deny Claiborne's motions for default judgment.

## III. CONCLUSION.

For the reasons stated, the moving defendants' Motion to Dismiss, Dkt. No. 23, is GRANTED, and Claiborne's motions for default judgment, Dkt. Nos. 39 and 41, are DENIED.  Claiborne's claims against defendants Dotson, Meyers, and Anderson, are DISMISSED WITHOUT PREJUDICE.  Leave is granted to Claiborne to replead any such claims, if he can, provided he files an amended complaint with such claims within 21 days of this date.  If no such amended complaint is timely filed, and any of the remaining defendants, Massengill, Taylor,

-11-

and Eldridge, do not file a dispositive motion within 60 days of this date, the case will be set for jury trial.

It is so **ORDERED**.

ENTER:   August 4, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-12-